WINTER GARDENS CANNERY, INC., v. HOFFMAN

(December 16, 1929. Opinion and Decree.)

Robert Hickerson, of New Orleans, attorney for plaintiff, appellant.

John J. Kenney, of New Orleans, attorney for defendant, appellee.

WESTERFIELD, J. Plaintiff brings this suit for the sum of $215.55, based upon the following contract:

"April 1st, 1928.

"I, H. J. Hoffman hereby agree to accept 1200 pounds of Bean Seed from the Winter Gardens Cannery, Inc., at 17c per pound, and to use the said seed to plant 20 acres. I further agree to cultivate, harvest and deliver all of the beans produced on the above mentioned acreage to the Winter Gardens Cannery, Inc., when they are suitable for canning purposes. The time of harvesting and delivery to be specified by Winter Gardens Cannery, Inc.

"When above beans are delivered to Winter Gardens Cannery, Inc., they agree to pay me 2½c per pound, being first reimbursed for seed furnished me at 17c per pound."

Defendant filed an exception of no cause of action, which was overruled, and thereafter filed an answer, which was in effect a general denial. After hearing the case upon the merits, judgment was rendered in favor of defendant, dismissing plaintiff's demand. Plaintiff has appealed.

As we understand defendant's position, it is that under the contract he was not obligated to pay for the bean seed unless and until he had made a crop of beans sufficient to pay for them. In other words, he was to plant the seed for account of plaintiff and if the result of his farming operations was successful the crop of beans raised from the seed was to be delivered to the plaintiff and the seed valued at $.17 a pound and the beans at $.02½ a pound. A balance was to be struck and if in favor of defendant, was to be paid to him but if the crop of beans was not sufficient at a price of $.02½ per pound

to liquidate plaintiff's account for seed at $.17 per pound, plaintiff was to suffer the resulting loss.

The Vice-President of the plaintiff company testified, without contradiction, that it was the intention of the parties that the bean seed should be paid for by defendant whether any crop of beans was raised or not, but that if a crop was raised plaintiff was to pay defendant $.02½ per pound for all beans delivered under the contract.

The following articles of the Civil Code are of interest:

"* * * To receive goods from a merchant without any express promise, and to use them, implies a contract to pay the value * * *." C. C. art. 1816.

"When there is anything doubtful in agreements, we must endeavor to ascertain what was the common intention of the parties, rather than to adhere to the literal sense of the terms." C. C. art. 1950.

"When a clause is susceptible of two interpretations, it must be understood in that in which it may have some effect, rather than in a sense which would render it nugatory." C. C. art. 1951.

"Terms, that present two meanings, must be taken in the sense most congruous to the matter of the contract." C. C. art. 1952.

"All clauses of agreements are interpreted the one by the other, giving to each the sense that results from the entire act." C. C. art. 1955.

"When the intent of the parties is doubtful, the construction put upon it, by the manner in which it has been executed by both, or by one with the express or implied assent of the other, furnishes a rule for its interpretation." C. C. art. 1956.

Our conclusion is that the contract sued on is susceptible of but one interpretation, that contended for by plaintiff, and that, consequently, the judgment appealed from is erroneous.

It is therefore ordered, adjudged and decreed that the judgment appealed from

be and it is annulled, avoided and reversed, and that there now be judgment in favor of plaintiff, Winter Gardens Cannery, Inc., and against defendant, H. J. Hoffman, in the full sum of $215.55 with legal interest from judicial demand until paid and all costs.